# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

JERMAINE ALEXANDER SYDNOR                                  PLAINTIFF

v.                                        CIVIL ACTION NO. 5:20-CV-P1-TBR

JENNIFER DANIEL                                                DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Jermaine Alexander Sydnor leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I.

Plaintiff is incarcerated at the Christian County Detention Center (CCDC). He brings this action against Jennifer Daniel, the substance abuse counselor at CCDC, in both her official and individual capacities.

In the complaint, Plaintiff writes as follows:

Jennifer Daniel violated my constitutional right to a hostal harressing, and discridistriory free substance abuse program experience and environment. November 27, 2019 approx. 11:30 a.m. while accompanied by her spouse to her group Ms. Daniel requested "Q" (Sgt.-at-Arms) to come take me to scrub the outside recreational walls while following the instruction of the Sgt-at-Arms Jennifer Daniel abandoned her group and proceeded to use provoking speech towards me to the point where I turned my back to her to avoid [illegible] . . . and faced "Q (the Sgt-At-Arms). Jennifer Daniel refused to allow us to pass her to go scrub the wall while raising her voice. Jennifer Daniel before I was permitted to enter the program stated, " " she was going to call Judge [illegible] (The Judge who granted my Judge's bed) and tell "him she wasn't putting up with me." Once granted into the program I was informed by Mr. Leon I wasn't in a Judges bed then my first group Jennifer Daniel singled me out by requesting me to set up front beside her and then divulge experiences of our drug uses together that she embellious to purposely negatively effect my image and increase her own. The second incident occurred approx. my third week into the program. (Approx Aug. 31, 2019) Ms. Michelle had just returned back to work after a successful

hospitalization that would require some post operational recovery time.  I wrote a short letter to welcome Ms. Michelle back to the program.  I've not known Ms. Michelle preious to my enrollment in the substance abuse program in [CCDC]. . . . So I wrote in a short letter form address to Ms. Michelle <u>Last Name</u>; at the time the communication was being created, other participants provided her last name.  That only provided a message that only contained well-wishing, congratulations on her return, my looking forward to her  and I working together on furthering my sobriety. (Recently the original letter was giving to Michelle to copy so a duplicate could be provided with this claim, however; according to Michelle someone stole it off her desk which delayed this process.  Because of the current chain of events the letter is void.  The note in its original form can be sumited for examanation.

As relief, Plaintiff seeks damages and injunctive relief in the form of being placed "back in Program, w/credit for 2 months w/ same slot placement "Judge Bed)"; a limitation on Plaintiff's curricular activities with Defendant; and a requirement that Defendant attend "additional ethics and racial equality classes."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Upon review of the complaint, and accepting Plaintiff's allegations as true, the Court can discern no violation of a right secured by the Constitution or other laws of the United States. Thus, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### III.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: February 27, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendant
     Christian County Attorney
4413.011